# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| SCOTTRADE, INC. an Arizona, Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTINE DAVENPORT, individually, SHANE M. LEFEBER, individually, CHRISTOPHER GIBBONS, individually, KIMBERLY CHABOT, individually, PATRICIA FALLER, individually,<br><br>Defendants. | Case No. CV-11-03-BLG-RFC<br><br><br><br>ORDER |

This is an action for interpleader, brought pursuant to Rule 22 Fed.R.Civ.P. and 28 U.S.C. § 1335, by Scottrade, Inc., an online securities broker-dealer, to resolve ownership of the account of a deceased customer, James LeFeber. The proceeds of the account are currently held in the Court registry. Prior to his death, James LeFeber designed five beneficiaries pursuant to a "Transfer On Death Beneficiary Pan Agreement" ("the "TOD Plan"). Under the TOD Plan, Defendant

1

Kristine Davenport is entitled to receive 16% of the account, but she has claimed that a 2007 agreement with LeFeber grants her the entire account. Pending before the Court are Defendant Kristine Davenport's motion to dismiss (*doc. 5*) and motion to transfer venue (*doc. 29*).

Davenport moves the Court pursuant to Rule 12(b)(6) Fed.R.Civ.P. for dismissal of the portion of the Complaint that concerns the 16% of the account that the TOD Plan awards her and for prompt remittance of her 16%. With respect to the remittance, Rule 12(b)(6) does not allow for affirmative relief, so that portion is necessarily denied. Moreover, since the Complaint states a plausible interpleader claim, Davenport's motion must be denied in its entirety.

To survive a Rule 12(b)(6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). By definition, interpleader is a suit to determine a right to property held by a disinterested third party who is in doubt about ownership and who deposits the property with the court so that interested parties can litigate ownership. *Black's Law Dictionary* 894 (Bryan A. Garner ed., 9th ed. West 2009). Under 28 U.S.C. § 1335, an interpleader action requires only that (1) the plaintiff be a person or entity having in its possession $500 or more

claimed by two or more adverse claimants of diverse citizenship and (2) that the plaintiff deposit the funds with the Court. Total diversity of claimants is not necessary. *State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 530 (1967).

Here, the Complaint alleges that James LeFeber's TOD designated five beneficiaries to his account in various percentages, that all of the beneficiaries are of diverse citizenship to Scottrade, and that Davenport has claimed the entire account by filing a breach of contract action in State Court. Moreover, Scottrade is a disinterested party who has deposited the proceeds of LeFeber's account in the Court registry. Davenport claims the action must be dismissed for failure to state a claim as to her 16% because no other Defendant is claiming ownership of her 16%. Regardless, Davenport cites no authority for the proposition that she can separate her alleged 16% share from the whole account that is in controversy. The facts of this case present a textbook interpleader claim. Davenport's motion to dismiss (*doc. 5*) must be denied.

Davenport has also moved the Court pursuant to 28 U.S.C. § 1404 for a venue transfer to the Missoula Division. *Doc. 29.* Although it would likely have been more convenient for all of the parties, except Scottrade, had this action been filed in the Missoula Division, this Court's Local Rules provide that a "defendant must file any motion for change of divisional venue with its first appearance" and

3

"[f]ailure to file a timely motion for change of divisional venue constitutes consent to the existing venue." L.R. 1.11(a)(3)(A) & (C). Accordingly, since Davenport's motion to transfer venue was filed almost two months after her motion to dismiss, the motion (*Doc. 29*) must be denied.

**SO ORDERED.**

Dated this 21st day of April, 2011.

*/s/ Richard F. Cebull*_____
Richard F. Cebull
United States District Judge