# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| SCOTTRADE, INC. an Arizona, Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTINE DAVENPORT, individually, SHANE M. LEFEBER, individually, CHRISTOPHER GIBBONS, individually, KIMBERLY CHABOT, individually, PATRICIA FALLER, individually,<br><br>Defendants. | Case No. CV-11-03-BLG-RFC<br><br><br>ORDER |

This is an action for interpleader, brought pursuant to Rule 22 Fed.R.Civ.P. and 28 U.S.C. § 1335, by Scottrade, Inc., an online securities broker-dealer, to resolve ownership of the account of a deceased customer, James LeFeber. The proceeds of the account are currently held in the Court registry. Prior to his death, James LeFeber designed five beneficiaries pursuant to a "Transfer On Death Beneficiary Plan Agreement" ("the "TOD Plan"). Under the TOD Plan, Defendant

1

Kristine Davenport is entitled to receive 16% of the account, but she has claimed that a 2007 agreement with LeFeber grants her the entire account. Pending before the Court is Scottrade's Motion to Award Attorney Fees and Dismiss Plaintiff Scottrade. *Doc. 23*. All Defendants except Kristine Davenport consent to Scottrade's motion.

Federal law authorizes the award of attorney's fees to interpleader plaintiffs because such actions benefit claimants by promoting early litigation on the ownership of the fund, preventing dissipation of the fund, and also because a disinterested plaintiff should not have to pay attorney fees to prevent multiple lawsuits against him. *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.,* 306 F.2d 188, 193 (9th Cir. 1962). Courts have broad discretion in awarding attorney fees, but attorney fee awards are limited to the costs incurred in filing the action and pursuing the plaintiff's release from liability–not for litigating the merits of the adverse claimant's claims. *Trustees of Directors Guild of America-Producer Pension Benefits v. Tise,* 234 F.3d 415, 426 (9th Cir. 2000). Compensable expenses include, preparing the complaint, obtaining service of process, and preparing an order discharging the plaintiff from liability and dismissing it from the suit. *Id.* at 426-27. These limitations, combined with the fact that the fee awards are paid from the interpleaded fund and there is an

important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it, typically result in modest attorney fee awards. *Id.* at 427. As in the ordinary case, the burden of proof lies with the party seeking attorney fees. *Id.* at 427.

In determining whether to award attorney fees to an interpleader plaintiff, the Court must find that (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability. *Septembertide Pub., B.V. v. Stein and Day, Inc.,* 884 F.2d 675, 683 (2d Cir. 1989). Although all of these factors are met here, Davenport opposes any award of attorney fees to Scottrade.

Davenport's argument for denying Scottrade it's attorney fees rests on the same mistaken premise as her motion to dismiss, that Scottrade should have paid her 16% before filing this interpleader action because none of the other claimants are claiming her share. *See doc. 37.* Davenport further argues, without authority, that Scottrade is liable to her for damages for failing to immediately pay her the 16% share. According to Davenport, if Scottrade is paid its attorney fees and dismissed from this action, Scottrade will have used this action to obtain relief beyond that normally granted in an interpleader action. Davenport even argues that Scottrade filed this interpleader action for the purpose of seeking relief from

3

its own wrongdoing in refusing to pay her share.

Regardless, Scottrade acted prudently by filing this action and placing the LeFeber account in the Court registry until ownership could be determined. The Court therefore concludes that Scottrade's request for $6,142.53 in attorney fees and costs is reasonable, since the fees and costs were charged by local counsel to file the action and pursue Scottrade's release from liability. *See Tise*, 234 F.3d at 426.

Moreover, since (1) Scottrade properly sought interpleader relief, (2) any counterclaim by Davenport alleging that Scottrade caused her damages by filing this interpleader action rather than immediately paying her 16% share is baseless, and (3) Scottrade's continued involvement in this action has no bearing on the dispute between Davenport and the other claimants, Scottrade shall be dismissed from this action with prejudice. *See Lutheran Brotherhood v. Comyne,* 216 F.Supp.2d 859, 862-63 (E.D.Wis. 2002).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Scottrade is awarded attorneys fees and costs it incurred in this action in the amount of $6,142.53;

2. The Clerk of Court shall issue a check in that amount, from the LeFeber account proceeds that were deposited in an interest bearing

account pursuant to the February 11, 2011 Order Granting Leaving to Deposit Funds (Rule 67) [*doc. 4*], to be made payable to Axilon Law Group, PLLC Trust Account;

3. Scottrade shall not recover any further attorney's fees or costs in this action;

4. Scottrade is dismissed with prejudice and without any further liabilities regarding the issues presented in this action as of the date of this Order; and

5. The Court reserves ruling on whether responsibility for the attorney's fees and costs awarded to Scottrade by this Order should be borne by one or more of the remaining parties and to charge Scottrade's attorneys fees and costs against the responsible party or parties accordingly, and the remaining parties have not waived their respective positions on this issue.

Dated this 26th day of April, 2011.

*/s/ Richard F. Cebull*_____
Richard F. Cebull
United States District Judge