IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SCOTTRADE, INC. an Arizona, Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTINE DAVENPORT, individually, SHANE M. LEFEBER, individually, CHRISTOPHER GIBBONS, individually, KIMBERLY CHABOT, individually, PATRICIA FALLER, individually,<br><br>Defendants. | Case No. CV-11-03-BLG-RFC<br><br><br>ORDER DISMISSING DAVENPORT'S CLAIMS AGAINST ARNOLD FALLER |

    Plaintiff Scottrade, Inc., an online securities broker, filed this interpleader action to determine the appropriate distribution of the account of James LeFeber, a deceased account holder.  Although LeFeber designated beneficiaries for his Scottrade account by completing a Transfer on Death Beneficiary Plan Agreement ("TOD Plan"), one of those beneficiaries, Defendant Kristine Davenport, claims the TOD Plan is invalid and that she is entitled to his entire estate pursuant to a 2007 contract with LeFeber.  Accordingly, when Davenport filed a breach of contract lawsuit in Missoula County District Court against LeFeber's estate,

Scottrade prudently filed this action and placed the proceeds of LeFeber's account in the Court registry.  Scottrade has since been dismissed from this action and had the attorney fees incurred in filing suit and obtaining a release from liability paid from the account proceeds.  *Doc. 42*.  Pending before the Court is Third-Party Defendant Arnold Faller's Rule 12(b)(6) Fed.R.Civ.P. motion to dismiss the complaint Davenport filed against him.  *Doc. 94.*

The allegations Davenport makes against Arnold Faller mimic those she makes against Faller's wife, Defendant Patricia Faller (*doc. 28*), Defendant Shane LeFeber (*doc. 31*), Defendant Christopher Gibbons (*doc. 41*), and Defendant Kimberly Chabot (*doc. 47*).  Unlike these other Defendants, however, Arnold Faller is not a named beneficiary of the TOD Plan or LeFeber's will, although his wife Patricia is named as the Personal Representative of LeFeber's estate and inherited LeFeber's house.  *Doc. 15-1*.  As best the Court can tell, Davenport alleges nine causes of action against Arnold Faller: civil conspiracy, tortious interference with contract and inheritance, undue influence, fraud, breach of fiduciary duty, feloniously killing James LeFeber, and spoliation of evidence.  *Doc. 63*.  Davenport also asserts a claim for punitive damages.

A claim is subject to dismissal under Rule 12(b)(6) Fed.R.Civ.P. if it lacks a cognizable legal theory or if it fails to plead sufficient facts to state a claim for

relief that is plausible on its face. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). With respect to the latter, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausible does not mean probable, but there must be more than a "sheer possibility" of unlawful action on the part of defendant. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id.* (internal quotations omitted).

In considering a Rule 12(b)(6) motion, courts must accept as true a complaint's well-pleaded allegations of material fact and construe them in the light most favorable to the non-moving party. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). Courts are not, however, required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *Id.*

Like her cross-claims against the other Defendants, Davenport's Third Party Complaint against Arnold Faller alleges very few actual facts. Rather, Davenport's pleading is a collection of legal conclusions and formulaic recitations of the essential elements of the causes of action. Of the actual few facts included in the Complaint, only one involves Arnold Faller:

> 13. Defendants intentionally spoliated the evidence of their felonious and intentional killing of the decedent by [Arnold] Faller lying to Davenport on September 16, 2010 about the fact of decedent's death and telling her that he was alive and well and at his home when he was in fact dead and in the mortuary, by refusing to accede to her demand on September 17, 2010 to preserve decedent's body at her own expense and to conduct an autopsy at her own expense, by refusing to accede to her demand on September 17, 2010 for a coroner's inquest and autopsy, by refusing to tell Davenport on September 17, 2010 where decedent's body was located and by later unlawfully causing his body to be cremated on September 17, 2010
> ....

*Doc. 63,* ¶ 13. Every other paragraph refers generally to all "Defendants." Moreover, other than the paragraph alleging the contract with James LeFeber, *id.* at ¶ 4, only one other paragraph goes beyond a formulaic recitation of the elements of causes of action:

> ... Defendants represented to decedent that Patricia Faller was a licensed registered nurse (RN), that she had decedent's irrevocable power of attorney for healthcare and that she and Defendants Gibbons and LeFeber were capable and competent to properly care for

> decedent at his home and that they would do so and that they would
> ensure he would go to the hospital should he wish to go there or
> should a hospice nurse decide he should be hospitalized and that he
> would not suffer pain, etc ...

*Id.* at ¶ 10.

From these minimal factual allegations–that Arnold Faller lied to Davenport about LeFeber's death and refused to allow an autopsy and that Defendants told Davenport they were taking care of LeFeber–this Court cannot draw a reasonable inference that Arnold Faller is liable for civil conspiracy, tortious interference with contract and inheritance, undue influence, fraud, breach of fiduciary duty, killing James LeFeber, and intentional spoliation of evidence. Accordingly, the Third-Party Complaint against Arnold Faller (*doc. 63*) must be dismissed for failure to allege plausible causes of action.

The next question is whether dismissal should be with prejudice. Futility alone can justify the denial of leave to amend. *Swartz v. KPMG LLP,* 476 F.3d 756, 761 (9th Cir. 2007). Another factor to consider in deciding whether to dismiss with prejudice or grant leave to amend is bad faith. *Schmier v. U.S. Court of Appeals for Ninth Circuit,* 279 F.3d 817 (9th Cir. 2002). Here, Davenport's allegations are speculative, frivolous, and in direct conflict with both LeFeber's TOD Plan (*doc. 1-2*), his will (*doc. 15-1*), and all other evidence in this case.

Davenport's baseless allegations have not only necessitated this lawsuit, but have drastically complicated the proceedings. Dismissal must be with prejudice.

Finally, Faller asks that the Court order his attorney fees be paid out of Davenport's portion of LeFeber's Scottrade account. Although the American Rule prohibits the award of attorney fees and costs to the successful litigant in most cases, there is an exception for vexatious litigants. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991). The record makes clear that Davenport is such a litigant.

Accordingly, within ten days of the entry of this Order counsel shall file a notice detailing the attorney fees and costs incurred by Arnold Faller in drafting this motion to dismiss and supporting briefs. After a review for reasonableness, the Court will direct that they be paid from Davenport's portion of the funds held in the Court registry.

**SO ORDERED.**

The Clerk of Court is directed to enter judgment of dismissal in favor of Arnold Faller.

Dated this 14th of October, 2011.

/s/ Richard F. Cebull\_\_\_\_\_
Richard F. Cebull
U.S. District Judge