IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
JAN 1 2 2015
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| SCOTTRADE, INC., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTINE DAVENPORT, individually, SHANE M. LEFEBER, individually, CHRISTOPHER GIBBONS, individually, KIMBERLY CHABOT, individually, PATRICIA FALLER, individually,<br><br>Defendants. | CV 11-03-BLG-SPW<br><br>OPINION and ORDER on PENDING MOTIONS |
| PATRICIA FALLER, individually, CHRISTOPHER GIBBONS, individually, KIMBERLY CHABOT, individually, SHAME M. LEFEBER, individually,<br><br>Cross-Claimants,<br><br>vs.<br><br>KRISTINE DAVENPORT, individually,<br><br>Cross-Defendant. | |

This matter comes before the Court upon: (1) Shane M. LeFeber's ("Shane") Renewed Motion for Distribution of Scottrade Funds to Beneficiaries other than Davenport (Docs. 310); (2) Kristine Davenport's Motion Re Richard Cebull (Doc. 298); (3) Kristine Davenport's Motion for Summary Judgment Re Jurisdiction over Davenport's $449,490.18 (Doc. 299); (4) Arnold and Patricia Faller's Motion to Strike and Request for Scheduling Order and Status Conference (Doc. 304); and Shane's Motion to Strike Davenport's Pleadings (Doc. 306). The Court has decided these motions after reviewing the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78. For the following reasons, Shane's motion for distribution is granted, Davenport's motions are stricken, and the Faller's motions are granted. Any remaining motions are denied as moot.

## I. Background

As this history is well-known to the parties, this Court adopts the Ninth Circuit's October 23, 2014, Memorandum and its description of the background facts and procedural history of this case. This Court adds to it in relevant part below.

On September 15, 2010, James LeFeber ("LeFeber") died, leaving the contents of his Scottrade brokerage account to five of his friends: Shane, Patricia Faller ("Faller"), Kristine Davenport ("Davenport"), Christopher Gibbons ("Gibbons") and Kimberly Chabot ("Chabot"). LeFeber executed a Transfer on

Death Beneficiary Plan directing that his Scottrade account should be distributed as follows:

> 56% to Shane LeFeber;
>
> 4% to Patricia Faller;
>
> 16% to Christopher Gibbons;
>
> 8% to Kimberly Chabot; and
>
> 16% to Kristine Davenport.

Davenport contested these distributions and sought to claim all of LeFeber's estate and brokerage account, based on oral contract she allegedly made with LeFeber in 2007. She sued in Montana State Court.

Faced with competing claims over LeFeber's account, Plaintiff Scottrade, Inc. ("Scottrade") filed an interpleader action in this Court. Numerous claims, cross-claims and counter-claims followed. Seeking the entire account, Davenport alleged that the other beneficiaries conspired to interfere with the purported 2007 oral contract. Although he was not named as a beneficiary, Patricia Faller's husband, Arnold Faller, was implicated in Davenport's conspiracy allegations and dragged into the lawsuit. Davenport's causes of action and various motions were characterized by this Court as "patently frivolous" and so "one-sided" that they would result in a "mockery of justice" to require the other beneficiaries to refute her allegations at trial. (Doc. 268, 5, 25, 33-34, 60). This Court denied all of

3

Davenport's motions, dismissed both Scottrade and Arnold Faller with prejudice, and eventually granted summary judgment against Davenport and awarded the other parties attorney fees and costs.

As part of its final judgment, this Court awarded attorney fees to Shane and Patricia and Arnold Faller in the amount of $148,143.21 and $183,548.89, respectively. This Court also noted the attorney fees of $6,142.53 previously paid to Scottrade and $11,189.10 previously paid to Arnold Faller and determined that all the attorney's fees were to be taxed against Davenport's 16% share of the Scottrade fund. Davenport appealed the Judgment and all other orders issued by this Court.

On appeal, the Ninth Circuit affirmed this Court's judgment but vacated its grant of attorney fees to Arnold Faller, Patricia Faller, and Shane and remanded to give Davenport the opportunity to object to the amount of fees requested by the parties. (Doc. 290 at 7). Davenport petitioned for rehearing and requested that the Ninth Circuit reverse all of this Court's rulings because of Judge Cebull's alleged bias. (Doc. 292). Davenport's Petition for Rehearing was denied on December 2, 2014. (*Id.*) The Ninth Circuit issued its formal mandate on December 11, 2014. (Doc. 295). Pursuant to the Mandate, the only matters remaining for this Court's determination are the amount of attorney's fees payable to Shane and the Fallers. (Doc. 290).

## II. Discussion

### A. Shane's Motion for Disbursement of Funds to Beneficiaries other than Davenport

Based on the Ninth Circuit's decision, this Court must continue to hold what would otherwise be Davenport's 16% share of the Scottrade funds in order to tax the costs and fees incurred by Shane and the Fallers after considering Davenport's objections. (Doc. 290). Acknowledging this requirement, Shane nevertheless argues that this Court should instruct the Clerk of Court to distribute the remaining 84% of the Scottrade funds of James A. LeFeber, held on deposit with this Court, to all of the beneficiaries other than Kristine Davenport. (Doc. 291). Shane contends that there is nothing preventing this Court from dispersing the other beneficiaries' amounts while this Court determines what amount of attorneys' fees must be deducted from Davenport's share.

This Court agrees with Shane. Following the denial of her petition for rehearing, Davenport did not seek and obtain a stay of the Ninth Circuit's mandate within the time frame allowed. *See* Fed. R. App. Pro. 41(b) (providing 7 days after entry of order denying timely petition for rehearing). Accordingly, the mandate in this case has issued, (Doc. 295), and this Court is free to rule within the scope of the mandate. *See Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 765, 767 (9th Cir. 1987) (stating that "[u]pon return of its mandate, the district court cannot give relief beyond the scope of that mandate, but it may act on

5

"matters left open by the mandate." (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895)).

Davenport does not contest the dispersal of funds to the other beneficiaries, but instead argues that this Court lacks subject matter jurisdiction over what would be the balance of the deposit after the dispersal, which she refers to as "Davenport's money." (Doc. 296 at 2). She contends that this Court lacks jurisdiction over the funds because Scottrade "unlawfully deposited" her money with this Court. (*Id.*) This Court rejects this argument, noting that the Ninth Circuit already addressed, and rejected, the same argument. (Doc. 290 at 5).

Davenport also argues that the Fallers should be required to return the $11,189.10 attorney's fee award vacated by the Ninth Circuit before the Fallers receive their share of LeFeber's estate and brokerage account. (Doc. 296 at 2). In response, Shane points out that even if this Court ultimately determines that the Fallers' attorney's fee award should be reduced, the Fallers may refund the difference, and the remaining beneficiaries' distributions would not otherwise be affected. (Doc. 311 at 6).

This Court rejects Davenport's attempt to group the Fallers together for purposes of preventing distribution of LeFeber's funds. This Court awarded Arnold Faller $11,189.10 in attorneys' fees and costs expended in obtaining dismissal of "Davenport's frivolous claims against him." (Doc. 275 at 5). In

contrast, only Patricia Faller is named as a designated beneficiary of LeFeber's funds. Accordingly, whether Arnold Faller's attorneys' fee award has been vacated has no bearing whatsoever on the beneficiaries' (other than Davenport) rights, including Patricia Faller, to receive their distributions. Shane's motion is granted.

### B. Arnold and Patricia Faller's Motion to Strike and for Scheduling Order and Status Conference.

Defendants Arnold and Patricia Faller have moved to strike Davenport's motion to vacate Judge Cebull's orders in this matter (Doc. 297), her motion for summary judgment (Doc. 299), and her statement of facts and briefs in support of those motions (Docs. 298, 300, 301). The Fallers argue that Davenport's motions re-argue the same issues recently rejected by the Ninth Circuit. (Doc. 305 at 4). They are correct. (*See* Docs. 290, 292). This Court cannot and will not entertain arguments already raised and decided on appeal. *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988).

The Fallers' motion to strike is granted. This Court also grants the Fallers' request for a scheduling order in this case so that the Ninth Circuit's mandate may be made clear to all parties and deadlines for briefing Davenport's objections to attorneys' fees may be set.

## III. Conclusion

For reasons state above, this Court ORDERS that Shane's Renewed Motion for Distribution of Scottrade Funds to Beneficiaries other than Davenport (Doc. 310) is GRANTED. The Clerk of Court shall distribute 84% of the original principal balance ($2,359,823.54) of the Scottrade fund as follows:

a. $1,573,215.63 (being 56% of the original principal) to Shane M. LeFeber's attorneys for distribution to Shane M. LeFeber;

b. $449,490.18 (being 16% of the original principal) to Christopher Gibbons;

c. $224,745.09 (being 8% of the original principal) to Kimberly Chabot; and,

d. $112,372.55 (being 4% of the original principal) to the attorneys of Patricia Faller for distribution to Patricia Faller.

IT IS ORDERED that the Clerk of Court shall retain the balance of the deposit, including the remainder of what would be Davenport's 16% share and all interest earned on the account, until otherwise instructed by the Court.

IT IS FURTHER ORDERED that with the exception of her objections to the attorneys' fees claims, no party is required to file responsive pleadings to any documents filed by Davenport in this matter until the Court orders such a response. Further, Davenport is barred from filing any further pleadings in this matter except objections to the attorneys' fees claims of Fallers and Shane LeFeber, as ordered by the Ninth Circuit Court of Appeals.

IT IS FURTHER ORDERED that the parties shall deliver all necessary information, including but not limited to the specific payee for each distribution, required by the Finance Department of the Clerk of the U.S. District Court for the District of Montana to the Clerk, on or before January 30, 2015, in order to issue the checks as set forth above.

IT IS FURTHER ORDERED that Arnold and Patricia Faller's Motion to Strike Kristin Davenport's Pleadings (Doc. 304) is GRANTED and Shane's Motion to Strike Kristine Davenport's Pleadings (Doc. 306) is DENIED as moot. The Clerk of Court shall strike from the docket Kristin Davenport's Motion Re: Richard Cebull (Doc. 297) and Motion for Summary Judgment (Doc. 299) and all supporting documents (Docs. 298, 300, 301).

IT IS FURTHER ORDERED that Arnold and Patricia Faller's Request for Scheduling Order and Status Conference (Doc. 305) is GRANTED in part and DENIED in part. The Court will issue a briefing schedule so that Davenport's objections, if any, to the attorneys' fees awarded to Arnold Faller, Patricia Faller, and Shane LeFeber, may be addressed. A status conference is not necessary at this time. The clerk is directed to notify counsel of the entry of this Order.

DATED this 12th day of January 2015.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge

9