IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| SCOTTRADE, INC., an Arizona corporation, | CV 11-03-BLG-SPW |
| Plaintiff, | ORDER |
| vs. | |
| KRISTINE DAVENPORT, individually, SHANE M. LEFEBER, individually, CHRISTOPHER GIBBONS, individually, KIMBERLY CHABOT, individually, PATRICIA FALLER, individually, | |
| Defendants. | |
| PATRICIA FALLER, individually, CHRISTOPHER GIBBONS, individually, KIMBERLY CHABOT, individually, SHAME M. LEFEBER, individually, | |
| Cross-Claimants, | |
| vs. | |
| KRISTINE DAVENPORT, individually, | |
| Cross-Defendant. | |

1

Before this Court is Shane M. LeFeber's ("Shane") Motion for Distribution of Funds Held in CRIS to Beneficiaries other than Davenport. (Doc. 404). Shane contacted his co-defendants Christopher Gibbons and Patricia Faller and they do not object to his motion. (*Id.*). He was unable to contact co-defendant Kimberly Chabot. (*Id.*) Davenport objects to the motion to the extent that it requests distributions from her share to the other parties and to the extent that it requests the court retain her share until all appeals have concluded. (*See* Doc. 406). For the reasons set forth below, the Court grants Shane's motion.

## I. Background

As this history is well-known to the parties, this Court adopts the Ninth Circuit's description of the background facts and procedural history. A short summary of relevant events is laid out below.

On September 15, 2010, James LeFeber ("LeFeber") died, leaving the contents of his Scottrade brokerage account to five of his friends: Shane, Patricia Faller ("Faller"), Kristine Davenport ("Davenport"), Christopher Gibbons ("Gibbons") and Kimberly Chabot ("Chabot"). LeFeber executed a Transfer on Death Beneficiary Plan directing that his Scottrade account should be distributed as follows:

56% to Shane LeFeber;

4% to Patricia Faller;

> 16% to Christopher Gibbons;
>
> 8% to Kimberly Chabot; and
>
> 16% to Kristine Davenport.

Davenport contested these distributions and sought to claim all of LeFeber's estate and brokerage account, based on an oral contract she allegedly made with LeFeber in 2007. She sued in Montana State Court.

Faced with competing claims over LeFeber's account, Plaintiff Scottrade, Inc. ("Scottrade") filed an interpleader action in this Court. Numerous claims, cross-claims and counter-claims followed. Seeking the entire account, Davenport alleged a conspiracy of the other beneficiaries to interfere with the purported 2007 oral contract. Although he was not named as a beneficiary, Patricia Faller's husband, Arnold Faller, was implicated in Davenport's conspiracy allegations and dragged into the lawsuit. Davenport's causes of action and various motions were characterized by this Court as "patently frivolous" and so "one-sided" that they would result in a "mockery of justice" to require the other beneficiaries to refute her allegations at trial. (Doc. 268, 5, 25, 33-34, 60). This Court denied all of Davenport's motions, dismissed both Scottrade and Arnold Faller with prejudice, and eventually granted summary judgment against Davenport and awarded the other parties attorney fees and costs.

3

As part of its final judgment, this Court awarded attorney fees to Shane and Arnold Faller in the amount of $148,143.21 and $183,548.89. This Court also noted the attorney fees of $6,142.53 previously paid to Scottrade and $11,189.10 previously paid to Faller and determined that all the attorney's fees were to be taxed against Davenport's 16% share of the Scottrade fund. Davenport appealed the Judgment and all other orders issued by this Court.

On appeal, the Ninth Circuit affirmed this Court's judgment but ordered remand so that Davenport could "file objections as to the [attorney fee] award amounts [to Arnold Faller, Patricia Faller, and Shane] only." (Doc. 290). This Court determined the amount of attorney's fees payable to Shane and the Fallers for fees incurred prior to and during the appeal process (Doc. 290). That determination was recently upheld on appeal. (Doc. 402).

While the appeal was pending, the Clerk distributed $2,359,823.54 (84% of the original principal balance) to the beneficiaries other than Davenport. The other 16%, Davenport's share, and all accrued interest continued to be held in the Court Registry Investment System (CRIS), pending further order from the Court. (Doc. 315).

## II. Discussion

Shane argues that since this Court's order regarding attorneys' fees has been affirmed, Shane and Patricia and Arnold Faller's attorney's fees and costs should

4

be deducted from Davenport's share and the Court should distribute the beneficiaries' funds held in CRIS except Davenport's. (Doc. 405). Davenport does not object to the interest distribution. (Doc. 406 at 5). She argues that Shane and the Fallers' attorneys' fees and costs are not deductible from her share and that her funds should not be retained by the Court pending final resolution of this matter. (*Id.* at 6). The Court has already addressed these same arguments from Davenport throughout the pendency of this case. (*See* Docs. 268, 275, 315, 330, 366, 367, 368, 369). Her arguments are rejected.

## III. Conclusion

For reasons state above, this Court ORDERS that Shane's Motion for Distribution of Funds Held in CRIS to Beneficiaries other than Davenport (Doc.404) is GRANTED. This Court ORDERS the Clerk of Court to distribute $455,275.08, allocating the sum as follows:

    a.    $160,632.32 to the attorneys of Shane (attorneys' fees in the amount of $139,953.00 plus costs in the amount of $8,190.21, plus CRIS interest in the amount of $12,498.11);

    b.    $181,923.25 to the attorneys of Faller (attorneys' fees and costs in the amount of $181,031.21 plus CRIS interest in the amount of $892.04);

    c.    $2,517.68 to the attorneys of Arnold Faller (the balance of his attorneys' fees and costs);

d.   $3,568.22 to Gibbons (his share of the CRIS interest);

e.   $1,784.16 to Chabot (her share of the CRIS interest); and

f.   $104,849.45 to Davenport to be held in the CRIS pending final resolution. This amount represents her share of the original principal, less various deductions against her share as ordered by this Court, plus her share of the CRIS interest.

IT IS ORDERED that the Clerk shall distribute all accrued interest (being any amount in excess of $455,275.08) in the CRIS account from November 18, 2016, through the date of distribution in the following percentages:

a.   2.74% to Shane;

b.   0.20% to Patricia Faller;

c.   0.78% to Gibbons;

d.   0.39% to Chabot; and

e.   95.89% to Davenport.

IT IS FURTHER ORDERED that the parties shall deliver all necessary information required by the Finance Department of the Clerk of the U.S. District Court for the District of Montana to the Clerk, on or before September 1, 2017, in order to issue the checks as set forth above.

DATED this 1st day of August 2017.

                                              SUSAN P. WATTERS
                                              United States District Judge